Richard T. LoCICERO,
Petitioner-Appellant,

v.

Irl DAY, Warden, Federal Youth Center, et al., Respondents-Appellees.

No. 74–1631.

United States Court of Appeals,
Sixth Circuit.

June 16, 1975.

784

Richard T. LoCicero, pro se, c/o James E. Adkins, II, Catlettsburg, Ky., Robert A. Sedler, Lexington, Ky., Alvin J. Bronstein, National Prison Project of the American Civil Liberties Union, Washington, D. C., for petitioner-appellant.

Eugene E. Siler, U. S. Atty., Robert F. Trevey, Asst. U. S. Atty., Lexington, Ky., Patrick J. Glynn, Washington, D. C., for respondents-appellees.

Before WEICK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by the appellant, Richard T. LoCicero, from a judgment in the United States District Court for the Eastern District of Kentucky. The appellant was convicted on a plea of guilty, to a charge of receiving stolen bank funds, in the United States District Court for the Eastern District of New York. On July 5, 1972, he was sentenced as a youth offender to "supervision and treatment" under Section 5010(b), Title 18, U.S.C. and confined at the Federal Youth center in Ashland, Kentucky.

According to the policy of the Youth Correction Division of the United States Board of Parole to hold an initial parole hearing within three months after confinement has begun, a hearing was held for the appellant on October 18, 1972. At this hearing the Examiner heard the appellant, considered a staff evaluation of him dated September 18, 1972, and a classification summary of September 16, 1972. On January 2, 1973, the Parole Board entered an order continuing the appellant's confinement and setting off further consideration of his case for twenty-seven months.

On June 27, 1973, after allowance by the Court as hereinafter stated, the appellant filed a complaint in the United States District Court for the Eastern District of Kentucky challenging the refusal of the Board to grant him parole. He sought immediate parole release and a declaration that the action of the Board was illegal and in violation of his Constitutional rights under the First, Fifth and Eighth Amendments. He brought his action as a class action alleging that all of the plaintiffs in the class were in the custody of defendant, Irl Day, Warden of the Federal Youth Center at Ashland, Kentucky. Other defendants are Norman A. Carlson, Director of United States Bureau of Prisons and William E. Amos, Chairman of the United States Board of Parole.

On June 26, 1973, on motion of the appellant, the district judge entered an order allowing the appellant to proceed in forma pauperis, under the Administrative Procedure Act, Sections 701 et seq., Title 5, U.S.C.[1] By his order, the district judge indicated that he would appoint counsel to represent the appellant and that counsel would have thirty days time in which to file a more appropriate pleading setting forth his contentions of

1. United States Courts have the power to review all final agency decisions for which there is no other adequate remedy in a Court.

(*Maddox* v. *Richardson*, 464 F.2d 617, 6 Cir.; *Cappadora* v. *Celebrezze*, 356 F.2d 1, 2 Cir.)

agency abuse of statutory standards or its own regulations.[2] It was ordered that the complaint be filed and summons issue.

An amended complaint was filed in which the principal thrust was that the Board violated the law in that it considered the severity of the offense in determining whether the prisoner was entitled to parole.

An evidentiary hearing was held on November 13, 1973 and on February 15, 1974, the district judge by memorandum opinion and order, entered judgment for respondents-appellees and ordered the action stricken from the docket.

In his opinion, the district judge held that the appellant's complaint and amended complaint did not state facts sufficient for a class action. He said,

"It is sufficient to reject this contention on the ground that this Court has no warrant to assume that a denial of parole results in either an unlawful or an unconstitutional incarceration. The authority for incarceration for each individual federal prisoner is a judgment of conviction which is subject to appellate review to cure any error that may taint it. Parole is an act of sovereign grace granted in the discretion of the Board upon a highly individualized consideration of each applicant or person eligible. The denial of parole *per se* does not violate the Constitution of the United States."

We agree that the appellant does not present grounds for a class action.

There are many facts that enter into the consideration of whether or not an individual prisoner is entitled to parole. Thus " * * * the questions of * * fact common to the members of the class" (alleged to be members of the class in this case) do not "predominate over any questions affecting only individual members, * * *." (Rule 23(b)(3) F.R.Civ.P.) Assuming arguendo, that the appellant could establish under his pleadings, his right to parole, this would not mean that all members of the alleged class (all those sentenced under the Youth Corrections Act and confined in the Federal Youth Center at Ashland, Kentucky) would also be entitled to release on parole.

The policy of the Board in considering parole, including the matter of severity of offense, is published in the nature of guidelines in the Federal Register (p. 25a app. of appellant). It is stated,

"The guidelines incorporated in this policy statement are merely indications of how the Board generally intends to exercise its discretion in making future parole release decisions."

It is further stated that decisions may be made outside the guidelines either above or below the standards set in the statement of policy.

Clearly, the matter of parole involves individual consideration and cannot be the subject of a class action in this case.

It is reported in appellee's brief that the appellant was granted conditional release by the United States Board of Parole, effective August 26, 1974. This is not controverted by counsel for appellant. Since this renders appellant's case moot as to his own claim for release on parole we do not reach the merits of the question concerning the consideration of the severity of the offense in determining whether or not a parole should be granted. See *Super Tire Engineering Co.* v. *McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1; *DeFunis* v. *Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164.

Judgment of the District Court in disallowing this case to proceed as a class action is affirmed and we affirm the dismissal of the complaint and amended complaint for the reason that appellant's claim is moot.

---

2. The review is limited to a determination of whether the case was disposed of by agency review without the consideration contemplated by applicable statute or agency regulations. (*Scarpa* v. *United States Board of Parole*, 468 F.2d 31, 5 Cir.)