**John M. GERAGHTY, Individually and on behalf of a class, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION et al., Respondents.**

**Civ. No. 76–1467.**

United States District Court,
M. D. Pennsylvania.

Feb. 24, 1977.

Kenneth N. Flaxman, Chicago, Ill., and Waring R. Fincke, Montoursville, Pa., for petitioner.

George W. Calhoun, Chief, Special Litigation Section, Crim. Div., Dept. Justice, Patrick J. Glynn, Atty., Dept. Justice, Washington, D. C., S. John Cottone, U. S. Atty., M. D. Pennsylvania, Scranton, Pa., Joseph F. Cimini, Asst. U. S. Atty., M. D. Pennsylvania, Lewisburg, Pa., for respondents.

## MEMORANDUM

HERMAN, District Judge.

Petitioner, John M. Geraghty, is presently an inmate at the Federal Community Treat-

ment Center, Chicago, Illinois,[1] serving a 30 month sentence[2] imposed by the United States District Court for the Northern District of Illinois for the offenses of conspiracy to commit extortion, 18 U.S.C. § 1951, and false declarations to a grand jury, 18 U.S.C. § 1623. On appeal, petitioner's conviction was affirmed. *United States v. Braasch*, 505 F.2d 139 (7th Cir. 1974). Certiorari was denied by the United States Supreme Court, 421 U.S. 910, 95 S.Ct. 1561, 43 L.Ed.2d 775 (1975).

On September 15, 1976, petitioner, through retained counsel, filed this action in the United States District Court for the District of Columbia. By order dated November 12, 1976, the Honorable Joseph C. Waddy construed the action as a petition for a writ of habeas corpus and transferred the action to this Court. This Court issued a rule to show cause (Document 5, filed December 7, 1976) in response to which respondent has filed an answer and petitioner has filed a motion for summary judgment and a brief in support thereof. Respondent has opposed petitioner's motion for summary judgment. Because the issues presented are issues of law, no evidentiary hearing is required. 28 U.S.C. § 2243; *de-Vyver v. Warden, U. S. Penitentiary*, 388 F.Supp. 1213 (M.D.Pa.1974). Thus, the case is ripe for disposition.

The substantive issues raised by Geraghty's petition concern the decision of the United States Parole Commission not to release him on parole. From the record before the Court, it appears that in June 1976, petitioner was considered for parole. 28 C.F.R. § 2.14 (1976). Petitioner's case

was designated an "original jurisdiction" case referred to the National Commissioners for decision. 28 C.F.R. §§ 2.17 and 2.13(b) (1976). On July 7, 1976, the National Commissioners denied parole and continued petitioner until the expiration of his term for the stated reasons that:

"Your offense behavior has been rated as very high severity because it involved extortion. You have a salient factor score of 11. You have been in custody for a total of 9 months. Guidelines established by the Commission for adult cases which consider the above cases indicate a range of 26–36 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted."

Petitioner appealed to the National Appeals Board, 28 C.F.R. § 2.27 (1976), which, on October 19, 1976, affirmed the decision of the National Commissioners.

## JURISDICTION

As noted above, Judge Waddy construed this action as a habeas corpus action.[3] Nevertheless, petitioner has persisted in asserting that there is a separate declaratory and injunctive aspect to the case, jurisdiction for which is alleged under 28 U.S.C. §§ 1331 and 1361.[4] The Court concurs in Judge Waddy's reading of the complaint and finds petitioner's contention to be completely without merit. The gist of petitioner's action is a challenge to the Parole Commission and Reorganization Act (PCRA),[5] the guidelines promulgated by the

1. At the time the petition was filed and at the time the action was transferred to this district, petitioner was an inmate at the Allenwood Federal Prison Camp, Montgomery, Pennsylvania.

2. Petitioner was initially sentenced to a term of 48 months. This sentence was reduced to 30 months in a proceeding under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. *United States v. Braasch*, No. 72 CR 979 (N.D. Ill., Oct. 9, 1975), aff'd., 542 F.2d 442 (7th Cir. 1976). Petitioner's motion for further relief pursuant to 28 U.S.C. § 2255 was denied on

December 21, 1976. *Geraghty v. United States*, No. 76 C 4215 (N.D.Ill.).

3. "A fair reading of the Complaint confirms that this is an action sounding essentially in habeas corpus, the statutory remedy to relieve illegal restraints on custody." *Geraghty v. U. S. Parole Commission*, Civil No. 76–1729 (D.D.C., filed November 12, 1976) (Waddy, J.).

4. *See* Document 2; Document 3 at 4; and Document 9 at 6 n.2 and at 9–10.

5. Pub.L. 94–233, § 2 (Mar. 15, 1976), *codified at* 18 U.S.C. § 4201 et seq. (1976).

Commission,[6] and the Parole Commission's decision denying petitioner's release on parole. As such, the action presents a claim that petitioner is "in custody in violation of the Constitution or laws . . . of the United States . . ." 28 U.S.C. § 2241(c)(3). The "declaratory" and "injunctive" relief sought by petitioner against the Parole Commission is, in effect, a request for a ruling that petitioner is entitled to release on parole.[7] Thus, the action falls squarely within the class of cases for which habeas corpus is the exclusive remedy. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see Gerstein v. Pugh*, 420 U.S. 103, 107 n.6, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Wolff v. McDonnell*, 418 U.S. 539, 554–555, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *United States ex rel. Marrero v. Warden, Lewisburg Penitentiary*, 483 F.2d 656, 659–660 (3d Cir. 1973), rev'd on other grounds, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974); *Battle v. Norton*, 365 F.Supp. 925 (D.Conn.1973); *cf. Ricketts v. Ciccone*, 371 F.Supp. 1249 (W.D.Mo.1974). Consequently, 28 U.S.C. § 2241 provides the sole jurisdictional basis for this action.

## MOTION TO CERTIFY CLASS

Petitioner purports to bring this habeas corpus action as a class action.[8] The complaint contains class allegations, and a motion to certify the class was filed with the complaint in the United States District Court for the District of Columbia. That motion was not acted upon by Judge Waddy and is presently before this Court. Petitioner has pressed for, and respondents have opposed, certification before both the United States District Court for the District of Columbia and this Court.

■ For the reasons stated in *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1125 (2d Cir. 1974), cert. denied 421 U.S. 921, 95 S.Ct. 1587, 43 L.Ed.2d 789 (1975), the Court holds that Rule 23 of the Federal Rules of Civil Procedure is not applicable to a petition for a writ of habeas corpus. *Accord Bijeol v. Benson*, 513 F.2d 965, 968 (7th Cir. 1975); *but see Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973); *Mead v. Parker*, 464 F.2d 1108 (9th Cir. 1972); *Adderly v. Wainwright*, 58 F.R.D. 389 (M.D. Fla.1972). Despite the technical nonapplicability of Rule 23, procedures analogous to a class action have been fashioned in habeas corpus actions where necessary and appropriate. *United States ex rel. Sero v. Preiser*, supra; *Bijeol v. Benson*, supra; *see Williams v. Richardson*, supra; *Mead v. Parker*, supra; *Adderly v. Wainwright*, supra.

■ In this case, class certification is neither necessary nor appropriate. Petitioner contends that class certification is necessary to ensure that the legal issues presented do not evade appellate review. This contention is based on petitioner's concern that his sentence will expire and thereby moot any appeal from this Court's decision. The motion for class certification represents petitioner's attempt to structure his suit to fit into the exception to the mootness doctrine enunciated in *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *see e. g., Gerstein v. Pugh*, supra, 420 U.S. at 110 n.11, 95 S.Ct. 854. However, the possibility of mootness on appeal is not a proper consideration for determining whether or not the action should be maintained as a class action. *Cf.* Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. (setting forth the prerequisites to a class action). The issues petitioner raises may be litigated without the presence of a class.

■ Class certification is inappropriate for several reasons. Two of the issues raised—the Commission's characterization of petitioner's offense as extortion and access to certain Commission files—relate

---

**6.** 28 C.F.R. § 2.1 et seq. (1976).

**7.** The "irreparable harm" alleged in support of the claim for injunctive relief is the denial of parole and the resulting continued confinement. *See* Complaint, paragraph 53.

**8.** For the reasons stated in the preceding discussion on jurisdiction, the Court will not address petitioner's contention, Document 14 at 9–10, that the action is "an ordinary civil action to which the class act provisions of the Federal Rules of Civil Procedure 23 [apply]. . . ."

solely to petitioner's individual case and have no class-wide applicability.[9] *Cf. Lo-Cicero v. Day*, 518 F.2d 783 (6th Cir. 1975). Another issue—the applicability of the guidelines, 28 C.F.R. § 2.20 (1976) to prisoners sentenced under 18 U.S.C. § 4208(a)(2) (1958)—is similarly inapplicable to all the members of the proposed class. The remaining issues—the constitutionality of the PCRA and the guidelines—do present questions of law common to the class; however, not all members of the class have the same interest as petitioner. For example, prisoners who are, or will be, paroled under the PCRA and the guidelines clearly do not have the same interest as petitioner in seeking to have the statute declared unconstitutional. Thus, petitioner's claims are not typical of those of the proposed class. *Cf.* Rule 23(a)(3) of the Fed.R.Civ.P.; *see Sosna v. Iowa*, supra 419 U.S. at 403 and n.13, 95 S.Ct. 553. Furthermore, this Court does not have habeas corpus jurisdiction over all the members of the proposed class. *Fitzgerald v. Sigler*, 372 F.Supp. 889, 899 (D.D.C.1974); *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (habeas corpus jurisdiction if custodian can be reached by service of process); *but see United States ex rel. Sero v. Preiser*, supra at 1127–1130.

Consequently, petitioner's motion for class certification will be denied.

## SUBSTANTIVE ISSUES

Petitioner's pleadings present a broad attack on both the PCRA and the guidelines authorized by the statute. Petitioner claims that the PCRA is "facially" unconstitutional (Complaint, paragraph 5(b)(1)) because it vests the Parole Commission with the power to make deferred sentencing decisions, i. e. determinations of "just punishment," without proper due process safeguards and in violation of the constitutional

ex post facto prohibition (Complaint, paragraphs 23 and 24). Petitioner apparently attacks the guidelines, 28 C.F.R. § 2.20 (1976) for the same reason (Document 14 at 35) and for the additional reason that the guidelines permit the Parole Commission to "superimpose upon federal criminal law a system of 'flat time sentencing'" (Document 14 at 16).

█ Petitioner's contentions equating parole and parole decision-making with sentencing reflect a misconception as to the nature of parole. There are "clear differences" between parole and sentencing. *United States ex rel. Marrero v. Warden, Lewisburg, Penitentiary*, supra 483 F.2d at 661. Sentencing is the imposition of legislatively authorized punishment on one guilty of the commission of a crime. "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." *Morrissey v. Brewer*, 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484 (1972). Parole involves making a decision whether the eligible prisoner should serve his sentence in confinement or in society upon certain conditions. Thus, parole involves "implementing a prisoner's sentence," and "does not involve modification of the sentence." *United States ex rel. Marrero v. Warden*, supra, 483 F.2d at 661. Petitioner's contentions equating parole and sentencing are, therefore, completely without merit. Parole is not a form of sentencing or a modification of sentence.[10]

Another broad attack on the guidelines is petitioner's contention that they are inconsistent with the PCRA. In particular, petitioner contends that the PCRA is "a major penal reform measure" which creates "vastly modified parole release criteria" (Document 14 at 20 and 25), that the Commis-

---

9. The class sought to be certified is "all federal prisoners who have been or will become eligible for release on parole," Document 1 (Complaint, paragraph 5(a); and motion).

10. *See Roach v. Board of Pardons and Paroles, State of Arkansas*, 503 F.2d 1367, 1368 (8th Cir. 1974) (". . . [P]arole is a supervised release from incarceration *prior* to the termination of sentence. . . . Therefore, [parole denial does not increase the sentence]. . ."); *Garcia v. U. S. Board of Parole*, 409 F.Supp. 1230, 1239 (N.D.Ill.1976) (use of the guidelines is not a *per se* usurpation of sentencing).

sion's guidelines under the prior act[11] have been repromulgated as the current guidelines (Document 14 at 28), and therefore, that the current guidelines reflect the parole release criteria under the prior act rather than those set forth in the PCRA.

It is hard to read the prior Act and the PCRA and its legislative history without coming to a conclusion completely contrary to petitioner's. The parole release criteria under the prior act were: (1) a reasonable probability that the prisoner would remain at liberty without violating the law; and (2) the compatibility of the prisoner's release with the welfare of society. 18 U.S.C. § 4203(a) (1970); *see Wiley v. United States Board of Parole*, 380 F.Supp. 1194 (M.D.Pa. 1974). The prisoner's observance of the rules of the institution in which he was confined was set forth as a condition of eligibility for parole. 18 U.S.C. § 4202 (1951). Under the PCRA, the parole release criteria are:

"§ 4206. *Parole determination criteria*

(a) If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:

(1) that release would not depreciate the seriousness of the offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare; . . . ."

As is readily apparent from a comparison of the two acts, the parole release criteria are substantially the same. Although institutional performance is now a parole release criterion rather than a condition of eligibility, the difference in characterization is not substantive. The "depreciate the seriousness of the offense" language in the PCRA is language specifically upheld in this district as complying with the statutory crite-

ria of the prior act. *Wiley v. United States Board of Parole*, supra; *deVyver v. Warden, U. S. Penitentiary*, supra, 388 F.Supp. at 1224; *see Garcia v. U. S. Board of Parole*, 409 F.Supp. 1230, 1234 (N.D.Ill.1976).

Therefore, although the PCRA restates the criteria under the prior act, it does not significantly change them.[12]

Nevertheless, petitioner contends that the PCRA places a greater emphasis on "the nature and circumstances of the offense" than did the prior act (Document 14 at 28). There is absolutely no basis for petitioner's contention. The statute itself, 18 U.S.C. § 4206(a) (1976) places no undue emphasis on the nature and circumstances of the offense. Indeed, it directs the Parole Commission to make its determination "upon consideration of the nature and circumstances of the offense *and* the history and characteristics of the prisoner." (Emphasis added). The Joint Explanatory Statement of the Committee of Conference confirms that the nature and circumstances of the offense is to be considered *together with*, rather than given emphasis over, the history and characteristics of the prisoner:

". . . [I]t is the intent of the Conferees that the Parole Commission review and consider *both* the nature and circumstances of the offense and the history and characteristics of the prisoner. It is the view of the Conferees that *these two items* are most significant in making equitable release determinations and are a viable basis, *when considered together*, for making other judgments required by this section." (Emphasis added).

Joint Explanatory Statement of the Committee of Conference, 94th Cong., 2d Sess. (1976), 3 U.S.Code Cong. & Admin.News, p. 358 (1976). In explaining a related section of the PCRA, the information to be considered by the Parole Commission, 18 U.S.C. § 4207 (1976), the Committee of Conference specifically stated that the weight to be

---

11. Act of June 25, 1948, ch. 645, 62 Stat. 854.

12. *See* Joint Explanatory Statement of the Committee of Conference, 94th Cong., 2d Sess.

(1976), 3 U.S.Code Cong. & Admin.News, p. 353 ("The legislation provides a *new statement* of criteria . . . ." (Emphasis added).

given any particular factor is "solely within the province of the (commission's) broad discretion." 3 U.S.Code Cong. & Admin. News, p. 360 (1976).

█ Petitioner's entire argument that the guidelines are inconsistent with the PCRA because they are merely a repromulgation of the old guidelines whereas Congress intended to vastly modify the parole release criteria is emphatically rejected by a reading of the Joint Explanatory Statement of the Committee of Conference. The Statement makes it quite clear that Congress not only intended to incorporate the guidelines, as developed under the prior act, into the PCRA, but also attempted thereby to remove doubt as to their legality:

". . . [T]he Parole Board began reorganization in 1973 *along the lines of the legislation presented here.*

"The organization of parole decision-making along regional lines, the use of hearing examiners to prepare recommendations for action, *and, most importantly, the promulgation of guidelines* to make parole less disparate and more understandable *has met with such success that this legislation incorporates the system into the statute,* removes doubt as to the legality of changes implemented by administrative reorganization, and makes the improvements permanent." (Emphasis added). 3 U.S.Code Cong. & Admin. News, pp. 352–353 (1976).

█ A third contention of petitioner's is that the guidelines are unlawful because they repeal by administrative fiat the provisions of 18 U.S.C. § 4208(a)(2)(1958) [13] (Document 14 at 40 and 43). What petitioner is really claiming is that the Commission's guidelines should not be applied to a prisoner, such as himself, who was sentenced under 18 U.S.C. § 4208(a)(2) (1958). Petitioner's contention has been previously rejected in this district for reasons which are equally applicable under the PCRA:

"It should be noted that 18 U.S.C.A. § 4208(a)(2) is used by the sentencing court to determine when a prisoner can be considered for release on parole, and does not affect the Board's discretion in determining whether parole should be granted. . . . Section 4208(a)(2) merely eliminates the requirement of 18 U.S.C.A. § 4202 that a prisoner serve one-third of his sentence before becoming eligible for parole consideration. Section 4208(a)(2) does not annul or modify the statutory requirements with respect to suitability for parole release embodied in 18 U.S.C.A. § 4203 and the Board's paroling guidelines promulgated thereunder, 39 Fed.Reg. § 2.20 (1974). Thus, a prisoner sentenced under Section 4208(a)(2) is subject to the same substantive parole release standards as all other inmates."

*Stroud v. Weger,* 380 F.Supp. 897, 899 (M.D. Pa.1974).

*United States v. Hawthorne,* 532 F.2d 318 (3d Cir. 1976) and *United States v. Salerno,* 538 F.2d 1005 (3d Cir. 1976), cited to the Court by petitioner, do not overrule *Stroud. Hawthorne* held that a sentence imposed under 18 U.S.C. § 4202 (1951) is "harsher" than an identical sentence imposed under 18 U.S.C. § 4208(a)(2) (1958) for the reason that § 4208(a)(2) (1958) "creates the possibility of release from incarceration prior to the . . . one-third point in the [§ 4202] sentence . . . ." 532 F.2d at 324. The case in no way involved the applicability of the guidelines to a prisoner sentenced under § 4208(a)(2) (1958). *Salerno,* also, is inapposite. *Salerno* involved a question of whether the sentencing judge's expectations were frustrated by the Parole Board's subsequent promulgation of its guidelines. The Third Circuit found that the sentencing judge's expectations had been frustrated, and remanded to the district court for a correction of sentence. The applicability of the guidelines to a prisoner, such as petitioner, who was sentenced

---

**13.** 18 U.S.C. § 4208(a)(2) provides in relevant part: "(a) Upon entering a judgment of conviction, . . . for a term exceeding one year, . . . (2) the court may fix the maximum

sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

744

under § 4208(a)(2) by a court *fully aware of the guidelines*,[14] was not at issue in *Salerno*.

Petitioner complains that the Commission characterized his offense as "extortion," an offense listed in the "very high" severity of the Commission's Adult guidelines. 28 C.F.R. § 2.20 (1976). Petitioner maintains that although he was convicted of a violation of 18 U.S.C. § 1951, his offense is something "other than" extortion because it did not involve force, threats or violence. The Court is surprised by petitioner's argument. As respondents correctly note, petitioner's offense involved obtaining money under color of official right. *See United States v. Braasch*, supra, 505 F.2d 139. The statute under which petitioner was convicted specifically defines such an offense as extortion. 18 U.S.C. § 1951(b)(2).

Petitioner contends that until he filed this suit, the Parole Commission denied him access to a "hearing summary" of a parole hearing *prior* to the one at issue here.[15] Petitioner maintains that the Commission's denial of access prevented him from "any opportunity to learn the facts relied upon by the hearing examiner panel . . . [in classifying his offense as] 'very high severity,'" *see* Document 12, and thereby prevented him from fully challenging the facts on which the Commission relied (*see* Document 14 at 43–44). Petitioner's contention provides no basis for relief from the Commission's decision denying parole. The Notice of Action, dated July 7, 1976, informed petitioner that his offense was classified "very high" severity because it involved extortion. That statement was sufficient to put petitioner on notice as to the reason for the Commission's action. Moreover, in light of petitioner's conviction under 18 U.S.C. § 1951, and the Seventh Circuit's affirmance of his conviction, it is hard to imagine how petitioner could effectively challenge the facts on which the Commis-

sion relied. Thus, the error, if any, in denying petitioner's access to his December 1975 hearing summary was harmless.

Based on the record and the foregoing discussion, the Court finds that the Commission "followed criteria appropriate, rational and consistent with the statute [the PCRA] and that its decision is not arbitrary or capricious, nor based on impermissible considerations." *Zannino v. Arnold*, 531 F.2d 687, 690 (3d Cir. 1976). Accordingly, the Court will deny the petition for a writ of habeas corpus and will dismiss the action.

The foregoing shall constitute the Court's findings of fact and conclusions of law.

---

14. Petitioner's sentence was corrected by a court which was fully aware of the Parole Board's guidelines. *See Geraghty v. United States*, No. 76 C 4215 (N.D.Ill., Dec. 21, 1976), cited in note 2 infra.

15. Petitioner does not allege that the Commission denied him access to its records of the June 1976 parole hearing, records which he would be entitled to under the PCRA. 18 U.S.C. § 4208(f). The hearing summary sought by petitioner relates to a December, 1975 parole hearing not at issue here.