**Keith WILSON, Jr., on behalf of himself and all others similarly situated, Plaintiff,**

v.

**AMERICAN CABLEVISION OF KANSAS CITY, INC., et al., Defendants.**

No. 88–1259–CV–W–JWO.

United States District Court, W.D. Missouri, W.D.

March 30, 1990.

Jim T. Reid, Shockley, Reid & Tyson, Dale K. Irwin, Slough, Connealy, Irwin & Madden, Kansas City, Mo., for plaintiff.

Curtis E. Woods, Spencer, Fane, Britt & Browne, Kansas City, Mo., and Ronald L. Plesser, Piper & Marbury, Washington, D.C., for American Cablevision, American Television & Communications Corp., and Time Inc.

John C. Aisenbrey, Ace E. Rowley, Stinson, Mag & Fizzell, Kansas City, Mo., for TCI Development of Missouri, Inc., TCI Development Corporation and Tele–Communications, Inc.

**MEMORANDUM AND ORDERS DIRECTING FURTHER PROCEEDINGS**

JOHN W. OLIVER, Senior District Judge.

This Court's letter of March 13, 1990 setting this case for oral argument stated that the "issues to be addressed by counsel should include the following: 1. The order in which the class certification and summa-

ry judgment motions should be determined. 2. Whether the case should be certified as a class action. 3. How the summary judgment motions should be ruled."

We have concluded that defendants' motion to deny class certification and plaintiff's subsequently filed motion for class certification must both be determined before the pending cross-motions for summary judgment should be considered and ruled. An order will be entered that will reflect that determination.

Because a "district court's ruling on the certification issue is often the most significant decision rendered in [a] class-action",[1] additional orders will be entered to obtain the views of counsel as to whether an order either granting or denying the certification of a class should also include additional orders entered pursuant to 28 U.S.C. § 1292(b), Rule 54(b), Fed.R.Civ.P., or both, as the case may be, in order to afford the party aggrieved by the Court's determination of the pending motions for class certification the opportunity of obtaining prompt appellate review in the Court of Appeals of this Court's order either granting or denying class certification.

## I

█ Rule 23(c)(1) provides that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." The Eighth Circuit, consistent with the general thrust of *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), and the decisions in other circuits stated in *Paxton v. Union National Bank,* 688 F.2d 552, 558 (8th Cir.1982), that "[i]t is rarely appropriate for a court to delay the certification decision until after a trial on the merits. *See Eisen v. Carlisle & Jacquelin, supra,* 417 U.S. at 177–78, 94 S.Ct. at 2152–53; *Horn v. Associated Wholesale Grocers, Inc.,* 555 F.2d 270, 274 (10th Cir.1977); *Peritz v. Liberty Loan Corp.,* 523 F.2d 349, 353–54 (7th Cir. 1975)."[2]

The fact that the plaintiff seeks to assert his claim under the Cable Communication Policy Act of 1984, 47 U.S.C. § 521 *et seq.,* in a class action rather than in an individual action as did the plaintiff in *Warner v. American Cablevision of Kansas City,* 699 F.Supp. 851 (D.Kan.1988), does not make this an exceptional case.[3]

Because this is not an exceptional case within the meaning of Rule 23(c)(1), we will follow the Court of Appeals' admonition in *Paxton* and determine by order the pending motions to certify a class before we will consider the merits of the pending motions for summary judgment. Adherence to the

---

**1.** *Deposit Guaranty Nat'l Bank v. Roper,* 445 U.S. 326, 339, 100 S.Ct. 1166, 1174, 63 L.Ed.2d 427 (1980).

**2.** The Tenth Circuit case of *Horn v. Associated Wholesale Grocers, Inc.,* cited with approval in *Paxton,* held that the "district court's delay in making a decision on certification of the class until after the trial on the merits appears to be a procedure which is not in harmony with the literal terms of Rule 23(c)(1) or with many of the cases." 555 F.2d at 273. Consistent with the rationale of *Eisen,* that case further held that "[p]art of the rationale for early class status determination lies in the need for timely notice to be given to interested parties under other provisions of Rule 23." *Id.* at 274. The Seventh Circuit case of *Peritz v. Liberty Loan Corp.,* cited with approval in *Paxton,* held that the "obvious import of this language [quoted from *American Pipe* ] is that the amended Rule 23 *requires* class certification prior to a determination on the merits." (Emphasis added). 523 F.2d at 353.

*Peritz* quoted the pages of *Eisen* to which the Eighth Circuit directed attention in *Paxton. Id.*

**3.** Plaintiff's reiterated reliance on *Postow v. OBA Federal S & L Ass'n,* 627 F.2d 1370 (D.C.Cir. 1980), at oral argument is untenable. The Court of Appeals for the District of Columbia concluded that *Postow* was an exceptional case and based its decision on "the unique sequence of the proceedings" in the district court. *Id.* at 1381. *Postow* disclaimed any intention to change the general rule in that circuit (*id.* at 1383, 1384), and recognized that the general rule was stated in *Larionoff v. United States,* 533 F.2d 1167, 1182–83 (D.C.Cir.1976), aff'd, 431 U.S. 864, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977). ("Clearly, a District Court cannot simultaneously certify an action under Rule 23(b)(3) and enter a final judgment in the action....."). The *Larionoff* court, as did the Eighth Circuit in *Paxton,* relied on the Seventh Circuit decision in *Peritz.*

general rule applicable to Rule 23(c)(1) will avoid the inevitable complications and waste of judicial time produced when a district court attempts simultaneously to certify a class and to rule the merits of the class action claims presented by motions for summary judgment. The entry of Order (1) below will reflect the Court's determination of the order in which the motions will be ruled.

## II

■ The parties have properly recognized the substantial impact that an order either granting or denying the pending motions for class certification would have on the ultimate termination of this litigation.[4] Neither side, however, either in their briefs or at oral argument, have recognized or discussed the fact that an order either granting or denying the certification of a class is not a "final decision" within the meaning of 28 U.S.C. § 1291 that would authorize an appeal to the Eighth Circuit as a matter of right.

The Eighth Circuit pointed out in *In re Alleghany Corp.*, 634 F.2d 1148, 1149 (8th Cir.1980), that in *"Coopers & Lybrand v. Livesay*, 437 U.S. 463, 470, 98 S.Ct. 2454, 2459, 57 L.Ed.2d 351 (1978), the Supreme Court held that orders relating to class certification are not independently appealable under 28 U.S.C. § 1291 (1976) prior to judgment."[5] The defendants in *Alleghany Corp.*, attempted to have the district court's class certification order set aside by filing a petition for mandamus in the Court of Appeals. The Court of Appeals denied defendant's petition for the reason that "[m]andamus is an improper vehicle to obtain review of the class action certification in the original proceeding." *Id.* at 1151.

The Court of Appeals, however, made clear in *Alleghany Corp.*, that although the defendants did not have a right to "appeal the certification of the plaintiff class pursuant to section 1291," the defendants "could have requested the District Court to certify its order for interlocutory review under 28 U.S.C. § 1292(b) (1976). *See Coopers & Lybrand v. Livesay, supra,* 437 U.S. at 466, 474, 98 S.Ct. at 2456, 2461." *Id.* at 1150.[6]

What was said in *Alleghany Corp.*, was merely a reiteration of what the Eighth Circuit earlier had stated in *Sperry Rand Corp. v. Larson*, 554 F.2d 868 (8th Cir. 1977). In that case, the defendant filed a petition for writ of mandamus "to compel decertification of class action status previously granted conditionally to plaintiffs by the District Court." *Id.* at 871. The Court of Appeals noted that the defendant "did not seek interlocutory review of the class action certification under 28 U.S.C. § 1292(b)." *Id.* The Eighth Circuit pointed out that the defendant's election to attempt to seek relief by way of mandamus rather than seeking a section 1292(b) certification "was a conscious procedural choice and it severely limits the scope of our review." *Id.*

In footnote 3 on page 871 of *Sperry Rand Corp.*, the Court of Appeals made clear that it did not look with disfavor on inclusion of a section 1292(b) statement in an order granting class certification. That footnote commenced with the statement that "[a]t oral argument, counsel for petitioner explained that this Court appeared to be inhospitable to interlocutory appeals

---

4. Defendants' motion to deny class certification was filed and fully briefed before plaintiff filed his motion for class certification. Plaintiff's motion for class certification was filed at the same time plaintiff filed his motion for summary judgment and plaintiff has consistently contended that both motions should be ruled simultaneously.

5. *In re Alleghany Corp.* explained that the "finality requirement in section 1291 'prevents the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single

controversy.' *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974). Thus, the defendants in this case may not appeal the certification of the plaintiff class pursuant to section 1291." *Id.* at 1150.

6. In the final paragraph of its opinion denying the defendant's petition for mandamus, the *Alleghany Corp.*, court reiterated that the "proper course for review of the District Court's class action certification order was to request a section 1292(b) certificate of interlocutory review from the District Court." *Id.* at 1151.

from class action determinations." *Id.* Footnote 3 then stated that:

> Because we do not accept that evaluation, we add these additional comments. The impact of a class action determination on the dimensions of the trial and the exposure to liability can be enormous.... When a close question of class action *vel non* is presented, either under the facts or under statutory construction, district courts ought to be more receptive to certifying critical questions for interlocutory review if it fairly appears that an immediate appeal may materially advance the ultimate termination of the litigation.... We think that the legitimate objectives of class action litigation can best be served by our disclaiming any hostility toward interlocutory certifications in situations in which the district court should reasonably conclude that "the gravity of the class action certification issue require[s] an expedited hearing by this court." *In re Cessna Aircraft Distributorship Antitrust Litigation,* 518 F.2d 213, 216 (8th Cir., *cert. denied,* 423 U.S. 947, 96 S.Ct. 363, 46 L.Ed.2d 282 (1975).[7]

*Id.*

*Sperry Rand's* footnote disclaimer of any hostility toward section 1292(b) certifications in class action cases anticipated the Court's affirmative admonition in that regard in *Deposit Guaranty Nat'l Bank v. Roper, supra.* For that case implicitly criticized the refusal of the Fifth Circuit to accept the district court's section 1292(b) certification made in that case (445 U.S. at 329, 100 S.Ct. at 1169) and stated the following in footnote 8 on page 336:

> In *Coopers & Lybrand v. Livesay,* 437 U.S. 463 [98 S.Ct. 2454, 57 L.Ed.2d 351] (1978), we held that the class certification ruling did not fall within that narrow category of circumstances where appeal was allowed prior to final judgment as a

matter of right under 28 U.S.C. § 1291. However, our ruling in *Livesay* was not intended to preclude motions under 28 U.S.C. § 1292(b) seeking discretionary interlocutory appeal for review of the certification ruling. See 437 U.S., at 474–475 [98 S.Ct. at 2461]. In some cases such an appeal would promise substantial savings of time and resources or for other reasons should be viewed hospitably.

In light of the above cases, it is not reasonably to be anticipated that the Court of Appeals would view a section 1292(b) certification with any degree of hostility whatsoever. Indeed, we believe that it reasonably may be anticipated that the Court of Appeals would give appropriate consideration to any petition for permission to appeal an order granting class certification that the defendant might file pursuant to Rule 5 of the Federal Rules of Appellate Procedure should this Court include the statement prescribed by section 1292(b) in any interlocutory order granting plaintiff's pending motion for class certification.

### III

*Cessna Aircraft, Alleghany Corp.,* and *Sperry Rand Corp.,* on their facts, all happened to involve a defendant's effort by way of mandamus to have the Court of Appeals set aside a district court order certifying a class. While the Eighth Circuit has not considered a case which involved an appellate challenge to an order denying a motion for class certification, the circuits that have considered such a question hold that in addition to a section 1292(b) certification, a plaintiff whose motion for class certification is denied may resort to an additional procedure under which, with the cooperation of the district court, such an order may be subject to immediate review in the Court of Appeals as a matter of right:

---

**7.** *Cessna Aircraft* pointed out that while an order certifying a class was not appealable as a matter of right under section 1291, "the district court could have certified this appeal under either § 1292(b) or Fed.R.Civ.P. 54(b) if it felt that the gravity of the class action certification issue required an expedited hearing by this

court." 518 F.2d at 216. *Cessna Aircraft,* of course, refused the defendant's belated request that the Court of Appeals enter a mandamus order that would "direct the district court to certify the class action orders for appeal under § 1292(b)...." *Id.* at 216, 217.

Rule 54(b) provides in part that "[w]hen more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The Third Circuit in *Hackett v. General Host Corp.*, 455 F.2d 618, 623 (3d Cir.), *cert. denied*, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972), suggested that there may be two alternative discretionary remedies available under which a district court order denying class certification could be reviewed in a court of appeals. That case stated that "[o]ne of these is certification pursuant to 28 U.S.C. § 1292(b) (1971)" and that "[a]nother is an order certifying a case as final under Rule 54(b)." The *Hackett* court added that:

> It suffices to say that by one route or the other a disappointed applicant for class action designation could, with the cooperation of the district court, in those rare instances where it might be appropriate bring before this court for review the questionable Rule 23 order. We have had no indication that the district courts of this circuit will reject applications under § 1292(b) or Rule 54(b), arbitrarily or in disregard of the policy considerations favoring, where feasible, consumer class actions warranted by federal statutes.[8]

*Id.* at 623–24.

In *Katz v. Carte Blanche Corporation*, 496 F.2d 747, 752 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974), the Third Circuit pointed out that "rule 54(b) does not provide a means for reviewing the *grant* of class action treatment." (Emphasis added.) That case noted, however, that "[i]f a district court *denies* class action treatment, even on discretionary grounds, and certifies, pursuant to rule 54(b), that the order dismissing the complaint against the absent class members is a final judgment, such an order is appealable." *Id.* (Emphasis added.)

*Windham v. American Brands, Inc.*, 539 F.2d 1016 (4th Cir.1976), *cert. denied*, 435 U.S. 968, 98 S.Ct. 1605, 56 L.Ed.2d 58 (1978), involved an appeal from the district court's order denying a motion for class certification. The *Windham* court noted that the district court, in addition to its denial of the class certification motion, "ordered dismissal of the complaint as to all others than the 6 named plaintiffs and entered a final judgment against such others." *Id.* at 1020. That court further noted that "[p]ursuant to Fed.R.Civ.P. 54(b), the P. 54(b), the District Court certified that final judgment to this Court" and accordingly held that "[w]e accept such certification as appropriate. *Katz v. Carte Blanche Corp.*, 496 F.2d 747 (C.A.3, 1974); *Hayes v. Sealtest Foods*, 396 F.2d 448 (C.A.3, 1968)." *Id.* Thus the Fourth Circuit exercised appellate jurisdiction under Rule 54(b) without a section 1292(b) certification by the district court.

We are satisfied that the Eighth Circuit will follow the rationale of the Third and Fourth Circuit cases just cited in light of its citation of *Katz v. Carte Blanche Corp.* with approval in footnote 3 of *Sperry Rand Corp.*, 554 F.2d at 871 n. 3.[9]

---

**8.** The *Hackett* court's suggestion that it would be a "rare" instance for the Third Circuit to consider a section 1292(b) appeal in a class action was, of course, made before the Court held in *Roper* that section 1292(b) certifications that "would promise substantial savings of time and resources ... should be viewed hospitably" by a court of appeals. As we have noted above, the Eighth Circuit stated the same view before *Roper* was decided.

**9.** *See also United States Fidelity & Guaranty Co. v. Lord*, 585 F.2d 860 (8th Cir.1978), *cert. denied*, 440 U.S. 913, 99 S.Ct. 1228, 59 L.Ed.2d 462 (1979), in which the Eighth Circuit stated "the

district court could have certified this appeal under either § 1292(b) or Fed.R.Civ.P. 54(b) if it felt that the gravity of the class action certification issue required an expedited hearing by this court. As recently stated by the Third Circuit in *Samuel v. University of Pittsburg*, 506 F.2d 355, 361 (3d Cir.1974), by using these alternative means of review 'the knowledge bred of the district court's proximity to the case can be brought to bear on the question of the propriety of immediate review.' *See also Katz v. Carte Blanche Corp.*, 496 F.2d 747, 753–56 (3d Cir. 1974); *Hackett v. General Host Corp.*, 455 F.2d 618 (3d Cir.1972)." *Id.* at 865.

## IV

Rule 1, Fed.R.Civ.P., requires that the rules governing the procedures to be followed in the district courts be "construed to secure the just, speedy, and inexpensive determination of every action." *United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), illustrates the necessity of obtaining a final determination of whether a class should be certified at the earliest possible stage of a class action proceeding.

The published reports of that case in the district court (429 F.Supp. 737), the Court of Appeals (579 F.2d 238), and the Supreme Court (445 U.S. 388, 100 S.Ct. 1202) establish that plaintiff filed his class action complaint on September 15, 1976 (429 F.Supp. at 739). On February 24, 1977 the district court simultaneously granted the defendant's motion for summary judgment (*id.* at 737) and denied class certification as "neither necessary nor appropriate." *Id.* at 740. On March 9, 1977 the Third Circuit reversed the district court's denial of class certification and remanded the case with directions to certify proper subclasses (579 F.2d at 254). On March 19, 1980, however, the Supreme Court modified the court of appeals' remand order with directions that the district court determine whether "a class properly can be certified." 445 U.S. at 408, 100 S.Ct. at 1215. Thus after years of long and expensive litigation it was finally determined that the district court had erroneously denied the plaintiff's motion for class certification and the parties were sent back to the district court for a proper determination of that important preliminary issue.

The procedural history of *Deposit Guaranty Nat'l Bank v. Roper, supra*, decided the same day as *Geraghty*, was exacerbated by the Fifth Circuit's refusal to accept the district court's section 1292(b) certification of its order denying class certification.

*See* 445 U.S. at 329, 100 S.Ct. at 1169. Justice Powell's dissenting opinion noted that plaintiff's class action was filed late in 1971 and that it was after four years of litigation that the district court denied the plaintiff's motion for class certification. *Id.* at 345, 100 S.Ct. at 1177. The Fifth Circuit did not reverse until August 24, 1978 (578 F.2d 1106). The Supreme Court did not affirm until March 1980 (445 U.S. 326, 100 S.Ct. 1166). Thus it took from 1971 to 1980 for the parties to obtain a final determination that the district court should have granted plaintiff's motion for class certification.[10]

We are satisfied that appropriate utilization of section 1292(b) and Rule 54(b), or both, would enhance the probability that the parties may obtain prompt and final appellate consideration of this Court's eventual order that will either deny or grant the certification of a class in this case. We believe it is appropriate, however, that we obtain the views of the parties in that regard before the pending class certification motions are ruled.

Accordingly, it is

ORDERED (1) that this Court will rule defendants' pending motion to deny class certification and plaintiff's pending motion for class certification before it considers and rules the parties' pending motions for summary judgment. It is further

ORDERED (2) that on or before April 10, 1990, counsel for plaintiff and counsel for the defendants shall prepare, serve, and file their separate responses to this Order (2) in which each party shall state whether this Court, in addition to its entry of an order that will either deny or grant class certification, should also enter appropriate additional orders pursuant to 28 U.S.C. § 1292(b), Rule 54(b), Fed.R.Civ.P., or both that will afford the aggrieved party the opportunity to seek immediate appellate review in the Court of Appeals of this Court's

---

10. Justice Powell, we believe properly, lamented the obvious waste of time and judicial resources. *Id.* at 355, 100 S.Ct. at 1182. While he recognized that "[d]istrict courts already are empowered by 28 U.S.C. § 1292(b) to certify ... appeals [from orders denying class certification] when they involve certain controlling questions of law" (*id.* at 356, 100 S.Ct. at 1183), he advocated that Congress adopt then pending legislation that would permit interlocutory appeals from the grant or denial of a motion for class certification as a matter of right. *See*, 455 U.S. at 355 n. 17 and 356 n. 18, 100 S.Ct. at 1183 n. 17 and 1183 n. 18.

order either denying or granting class certification.

The parties shall also state the reasons for the positions stated in their respective responses.