27 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Theresa HALLUMS, Petitioner-Appellant,
v.
Margaret HAMBRICK, Warden, Respondent-Appellee.
 No. 93-6632.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 1
 Before: MILBURN and NELSON, Circuit Judges; and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Theresa Hallums, proceeding pro se, appeals a district court judgment denying her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. She also appeals the district court's denial of her claim for money damages, which the court treated as a claim pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hallums, who is currently out on parole, alleged that the United States Parole Commission (Commission) and the United States Bureau of Prisons (BOP) have erroneously caused her to serve her federal sentences of imprisonment twice. In January of 1984, the district court in the District of Columbia sentenced Hallums to a term of 5 to 15 years imprisonment for armed robbery. In August of that year, a district court in Maryland sentenced her to a consecutive nine year sentence for bank robbery. She was erroneously released from prison on the first conviction, despite the nine year sentence remaining on the second sentence. While on parole, she was sentenced to a 14-month consecutive sentence for conspiracy to commit bribery. Hallums was eventually returned to prison to serve her nine year sentence.
 
 
 4
 Hallums alleged that the manner in which she was required to serve her federal sentences amounted to a violation of her double jeopardy rights, her due process rights, and her right to be free from cruel and unusual punishment. She requested that the district court discharge her from such imprisonment, and that she be awarded $73,000 in damages for the period of time that she was incarcerated based on the errors made by the Commission and the BOP.
 
 
 5
 A magistrate judge carefully considered Hallums's claims and recommended denying her habeas petition and dismissing her Bivens action. The district court accepted the recommendation of the magistrate judge and dismissed Hallums's case. On appeal, Hallums continues to argue the merits of her case. She requests the appointment of counsel and oral argument.
 
 
 6
 As an initial matter, the respondent argues that Hallums's petition was subject to dismissal on the ground of mootness because after filing her petition, Hallums was released on parole and is no longer in prison. See LoCicero v. Day, 518 F.2d 783, 785 (6th Cir.1975). Parole status is sufficient to support a district court's habeas jurisdiction because the petitioner has not yet been unconditionally released from serving her sentence. DePompei v. Ohio Adult Parole Auth., 999 F.2d 138, 140 (6th Cir.1993). Hallums is still "in custody" for purposes of filing her Sec. 2241 habeas petition, 28 U.S.C. Sec. 2241(c); Peyton v. Rowe, 391 U.S. 54, 58-67 (1968). Consequently, Hallums's habeas petition is not moot.
 
 
 7
 Upon review of the merits, we affirm the district court's judgment for the reasons set forth in the magistrate judge's report filed on July 23, 1993, as adopted by the district court in its order filed on August 18, 1993. Hallums's incarceration was consistent with the valid judgment and orders of commitment against her. Where there is a clerical error made by a prison clerk or other data entry mistake which creates an inconsistency between the judgment entered by a sentencing judge and the sentence as reflected in the records, the judgment of the court controls. Tijerina v. Thornburgh, 884 F.2d 861, 865 (5th Cir.1989). A clerical error was made by the BOP in releasing Hallums from custody on the District of Columbia sentence when Hallums still had a 9 year consecutive federal sentence to serve. However, once Hallums's parole was revoked on her 5 to 15 year sentence and she was reincarcerated, the BOP's decision to require her to serve her 9 year consecutive federal sentence was proper. It is only after Hallums completed serving her 9 year federal sentence that she could begin to serve her 14 month consecutive federal sentence. Hallums did not serve in excess of these federal sentences. Furthermore, federal officials did not waive jurisdiction over Hallums because nothing they did violated any of her due process rights. See Piper v. Estelle, 485 F.2d 245, 246 (5th Cir.1973); see also Mobley v. Dugger, 823 F.2d 1495, 1495-96 (11th Cir.1987).
 
 
 8
 The district court also properly dismissed Hallums's Bivens action because no constitutional violation occurred. Moreover, Hallums did not allege, and the record does not show, that defendant Hambrick was personally involved in or authorized, approved or knowingly acquiesced in the allegedly unconstitutional conduct. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989) (Sec. 1983 case).
 
 
 9
 Accordingly, we deny Hallums's requests for counsel and oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., Chief U.S. District Judge for the Eastern District of Michigan, sitting by designation